IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **United States of America**, | ) | |
|   Plaintiff(s), | ) | Case No: 23cr54-1 |
| v. | ) | Magistrate Judge: Jeffrey Cummings |
| | ) | |
| **Thomas Girardi** | ) | |
|   Defendant(s), | ) | |

### ORDER

Initial appearance proceedings held. By agreement and consent of all the parties and pursuant to Fed. R. Crim. P. 10(c), all parties appear by video conference. Defendant Thomas Girardi appeared for his arraignment on 3/3/23 along Dr. Robert Girardi (his brother), who is the state court-appointed conservator of defendant's person and estate. Attorney Seema Ahmad appeared for defendant and was granted leave to file an appearance on his behalf pursuant to the Criminal Justice Act.

It was apparent from the materials filed on the docket and the proceedings on the record in open court that defendant is suffering from a mental disease that likely rendered it difficult for him to understand the nature and consequences of the proceeding. Defense counsel expressed an intent to file a motion to determine the mental competency of defendant pursuant to 18 U.S.C. §4241(a), and she shall do so by 3/8/23. Defense counsel is further ordered to work in conjunction with defendant's conservator to explain to defendant in terms he can understand that: (1) he has the right to remain silent in response to any questioning by governmental authorities; (2) any statement he makes can be used against him in this criminal proceeding; (3) he has a right to confer with his counsel at every critical stage of this proceeding; (4) he has a right to retain an attorney of his choice; (5) an attorney will be appointed to represent him at no cost to himself under the Criminal Justice Act if he cannot afford an attorney; (6) he has a right to waive the assistance of an attorney and to represent himself if he makes a knowing and voluntary decision to do so; and (7) he has a right to consult with and be represented by his counsel during all questioning by governmental authorities.

Arraignment proceedings held. Defense counsel acknowledged receipt of the Indictment and waived formal reading on defendant's behalf. Pursuant to Fed. R. Crim. P. 11(a)(4), the Court entered a plea of not guilty to each count in which defendant is named on his behalf. Pursuant to Fed. R. Crim. P. 5(f)(1), the Court confirmed the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny that it has the affirmative duty to disclose both impeachment and exculpatory evidence favorable to a defendant and material to guilt and/or punishment, and further acknowledged that possible consequences for the failure to timely comply with this obligation may include the exclusion of a witness or witnesses, limitations on the scope of permitted testimony, adverse instructions to the jury, sanctions, a mistrial, or dismissal of the indictment.

The Government and defendant agreed to conditions of release with the exception of one

condition that was ordered by the Court over defendant's objection and with the approval of the government and Pretrial Services. The Court determined that Dr. Robert Girardi is a suitable third-party custodian and it admonished him on the record of the conditions of defendant's release and of his responsibilities as a surety on defendant's bond. Defendant was released on a $250,000.00 unsecured appearance bond with conditions. Enter Order Setting Conditions of Release.

Status hearing before Judge Guzman set for 3/14/2023 at 10:30 a.m. Without objection, the time from 3/3/23 through 3/14/23 is excluded under 18 U.S.C. §3161(h)(7) to serve the ends of justice. Excluding time will permit the parties to review discovery materials and allow the time that is reasonably necessary for effective preparation. Such delay outweighs the interests of the public and the defendant in a speedy trial, particularly at this early stage of the case.

T: 35 mins.

Date: 3/3/2023

/s/ Jeffrey Cummings
United States Magistrate Judge